68. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

69. Defendants maliciously prosecuted Plaintiff, or caused Plaintiff to be maliciously prosecuted, by way of defendants' above-described actions.

70. Plaintiff claim damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of the malicious prosecution caused by the defendants.

## FOURTH CAUSE OF ACTION

71. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

72. Defendants intentionally inflicted emotional distress upon Plaintiff by way of defendants' above-described actions.

73. Plaintiff claim damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of the defendants intentional infliction of emotional distress upon Plaintiff.

## FIFTH CAUSE OF ACTION

74. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

75. Defendants negligently inflicted emotional distress upon Plaintiff by way of defendants' above-described actions.

76. Plaintiff claim damages against each defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff as a result of the defendants negligent infliction of emotional distress upon Plaintiff.

## SIXTH CAUSE OF ACTION

77. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

78. Each of the individual defendants falsely arrested and unlawfully imprisoned Plaintiff, or caused Plaintiff to be falsely arrested and unlawfully imprisoned, by way of defendants' above-described actions.

79. As a result of these false arrests and unlawful imprisonments, Plaintiff suffered injuries as aforesaid and claims damages for said injuries.

## SEVENTH CAUSE OF ACTION

80. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

injuries.

81. Defendants maliciously prosecuted Plaintiff, or caused Plaintiff to be maliciously prosecuted, by way of defendants' above-described actions.

82. As a result of this malicious prosecution, Plaintiff suffered injuries as aforesaid and claim damages for said injuries.

## EIGHTH CAUSE OF ACTION

83. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

84. Defendants intentionally inflicted emotional distress upon Plaintiff by way of defendants' above-described actions.

85. As a result of this intentional infliction of emotional distress, Plaintiff suffered injuries as aforesaid and claim damages for said injuries.

### NINETH CAUSEOF ACTION

86. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

87. Defendants negligently inflicted emotional distress upon Plaintiff by way of defendants' above-described actions.

88. As a result of this negligent infliction of emotional distress, Plaintiff suffered injuries as aforesaid and claim damages for said injuries.

### TENTH CAUSE OF ACTION

89. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

90. By way of their above-described actions, each of the defendants, acting under color of law, violated Plaintiff' rights under Article 1, Sections 6, 8, and 12 of the New York State Constitution.

91. As a result of this violation of Plaintiff' New York State constitutional rights, Plaintiff suffered injuries and claim damages for said injuries.

### ELEVENTH CAUSE OF ACTION

92. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

93. Prior to December 16, 2011, it was the policy and/or custom of defendant City of New York to inadequately and improperly screen individuals applying to become New York City Police Officers, thereby failing to adequately or accurately identify individuals who would be likely to commit constitutional violations against people with whom New York City Police Officers were likely to come in contact or interact.

13

94. It was the policy and/or custom of defendant City of New York to inadequately and improperly train and supervise New York City Police Officers, including the individual defendant officers, thereby failing to adequately prevent, discourage, or reduce the possibility of constitutional violations on the part of its police officers.

95. As a result of the above described policies and customs, defendant City of New York negligently screened, hired, trained, supervised, and retained the individual defendant officers as New York City Police Officers.

96. Such negligent screening, hiring, training, supervision, and retention were the cause or causes of the violations of Plaintiff' rights alleged herein.

97. Plaintiff claim damages for the injuries set forth above, under 42 U.S.C. § 1983, against defendant City of New York due to their negligent screening, hiring, training, supervision, and retention of the individual defendant officers, which resulted in the violations of Plaintiff' rights as aforesaid.

## TWELTH CAUSE OF ACTION

98. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

99. Prior to December 16, 2011, it was the policy and/or custom of defendant City of New York to inadequately and improperly screen individuals applying to become New York City Police Officers, thereby failing to adequately or accurately identify individuals who would be likely to commit constitutional violations against people with whom New York City Police Officers were likely to come in contact or interact.

100. It was the policy and/or custom of defendant City of New York to inadequately and improperly train and supervise New York City Police Officers, including

the individual defendant officers, thereby failing to adequately prevent, discourage, or reduce the possibility of constitutional violations on the part of its police officers.

101. As a result of the above described policies and customs, defendant City of New York negligently screened, hired, trained, supervised, and retained the individual defendant officers as New York City Police Officers.

102. Such negligent screening, hiring, training, supervision, and retention were the cause or causes of the violations of Plaintiff' rights alleged herein.

103. Plaintiff suffered injuries as set forth above as a result of defendant City of New York's negligent screening, hiring, training, supervision, and retention of the individual defendant officers, and claim damages against defendant City of New York for said injuries.

### THIRTEENTH CAUSE OF ACTION

104. Paragraphs 1 through 61 of this complaint are incorporated herein by reference as though fully set forth herein.

105. Defendants abused the process of law and abused their authority granted to them as police officers in falsely arresting and falsely charging plaintiff Anderson.

106. As a result of this abuse of process and abuse of authority, Plaintiff suffered the injuries as aforesaid and claim damages for said injuries.

### RELIEF

107. WHEREFORE, based upon all of the above, Plaintiff Anderson request that this Court:

    a) Award compensatory damages to Plaintiff Anderson against the defendants, jointly and severally, in an amount to be determined by a jury;

b) Award punitive damages to Plaintiff Anderson against the defendants, jointly and severally, in an amount to be determined by a jury;

c) Award costs of this action to Plaintiff Anderson;

d) Award attorney's fees under 42 U.S.C. § 1988, and costs to Plaintiff Anderson;

e) Award such other and further relief as this Court may deem just and proper.

108. Plaintiff hereby demand a jury trial.

Dated: March 15, 2013
New York, NY

*[signature]*

Kavin L. Edwards
Attorney for Plaintiff
65 Broadway, 7th Floor
New York, New York 10006
T 212.405.1005

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | DOCKET NO.<br>ECF CASE |

Jeffrey Anderson,

Plaintiff

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICER LUIS GUTIERREZ, Shield No. 22109, of the 32nd Precinct, in his individual capacity and in his official capacity as an employee of the City of New York,

Defendants.

# COMPLAINT

To: CITY OF NEW YORK
   Corporation Counsel
   100 Church Street
   New York, NY 10007

   P.O. LUIS GUTIERREZ
   New York City Police Department
   32nd Precinct
   250 West 135th Street
   New York, NY, 10030

Service of a copy of the within is hereby admitted.

Dated:..........................

**PLEASE TAKE NOTICE** that the within is a true copy of the Complaint duly entered in the office of the clerk of the within named court on March 15, 2013.

Dated: March 15, 2013
       New York, NY

Yours, etc.,

Kavin L. Edwards
   *Attorney for Plaintiff*
   65 Broadway, Suite 826
   New York, NY 10006
   212.405.1005